**Stanley PTASZYNKI, Plaintiff,**

v.

**Arthur Floyd FERRELL and Decatur Petroleum Corp., Defendants.**

**Civ. A. No. 848.**

United States District Court
E. D. Tennessee,
Winchester Division.

Dec. 12, 1967.

Karl L. Bishop, Nashville, Tenn., for plaintiff.

Wade, Forrester & Stewart, Pulaski, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for personal injuries and property damages, allegedly arising from a motor vehicular collision in Giles County, Tennessee, on October 1, 1966. It was commenced in this Court on September 29, 1967. The plaintiff is a citizen of Michigan, and the defendants are citizens of Alabama. The defendants have moved the Court to dismiss the

action because of improper venue, Rule 12(b) (3), Federal Rules of Civil Procedure. The plaintiff's response thereto is deemed waived. Local Rule 12(b).

United States district courts have jurisdiction of the subject matter hereof. 28 U.S.C. § 1332(a) (1). The action, founded only on diversity of citizenship, could have been brought in the judicial district " * * * in which the claim arose. * * * " 28 U.S.C. § 1391(a), as amended by P.L. 89–714; 80 Stat. 1111, approved November 2, 1966. Giles County, Tennessee is within the Columbia Division of the Middle District of Tennessee. 28 U.S.C. § 123(b) (3). The plaintiff having laid venue wrongly in the Eastern District of Tennessee, this Court, if it be in the interest of justice, may transfer this action to the Columbia Division of the Middle District of Tennessee. 28 U.S.C. § 1406(a).

The plaintiff undertook to invoke this Court's personal jurisdiction over the nonresident defendants by substituted service of process through the Tennessee secretary of state. Rule 4(e), Federal Rules of Civil Procedure; T.C.A. § 20–224 et seq. More than one year has now elapsed since the date of the accident and injuries giving rise to this action. The agency and authority of the Tennessee secretary of state under T.C.A. § 20–224 et seq. is limited to one year after the date of the accident or injury. Oliver v. Altsheler (1955) 198 Tenn. 155, 278 S.W.2d 675, 676 [1], see also prior adjudication there *sub nom.* Thomas v. Altsheler (1951), 191 Tenn. 640, 235 S.W.2d 806. Thus, if this Court dismisses this action because of improper venue, the right of the plaintiff to a hearing on the merits would be terminated without a hearing, because the plaintiff's action would be barred by the Tennessee statute limiting the authority and agency of the Tennessee secretary of state, supra.[1]

Federal jurisdiction recognizes " * * the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run. In both federal and state systems of justice rules have been devised to prevent this from happening. * * * " Burnett v. New York Cent. R. Co. (1965), 380 U.S. 424, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941, 946 [9].

" * * * The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years —that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff may not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' * * * " Goldlawr v. Heiman (1962), 369 U.S. 463, 82 S.Ct. 913, 916, 8 L.Ed.2d 39, 42 [4].

The defendants' motion is not timely filed, Rule 12(a), Federal Rules of Civil Procedure, and may be now deemed

---

1. Although T.C.A. § 28–106 might save the plaintiff's right of action herein, the authority and agency of the Tennessee secretary of state for purposes of further substituted process are not tolled thereby, rendering the plaintiff a person with a right of action and no further means of obtaining personal jurisdiction over the defendants to enforce that right in Tennessee.

waived, Rule 12(h) (1), Federal Rules of Civil Procedure. Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc., C.A.8th (1965), 343 F.2d 7, 12 [8]. However, this Court will not indulge in the aforementioned time-consuming and justice-defeating technicalities. Having found and concluded that this Court has jurisdiction of the subject matter, that it would be in the interest of justice to transfer the case, and that there is a judicial district to which this action is transferable, see Anno: 8 L.Ed.2d 852, § 2, at 855, it hereby is

Ordered that this action be transferred to the Middle District of Tennessee, Columbia Division. The clerk will forthwith transmit the entire file to the Clerk, United States District Court for the Middle District of Tennessee, United States Courthouse, Nashville, Tennessee.