Overton judge.
The last sec. of the act alluded to, enacts, that it shall be in force from its passage. I am of opinion that this and every other part of the *34 law, was intended to operate in governing the practice not only where suits were to be brought after the passage of the act, but in cases where suits had been previously instituted, and that the act should govern all subsequent proceedings in the practice.
As it respects the point now under consideration, it seems particularly reasonable, for the act of 1787, c. 22 Ird. 622, respecting absconding and non-resident defendants, authorises a nonresident defendant to obtain a rehearing at any time within three years after the passing the decree, upon observing the directions of the act. If the court were now to hear the cause, ex parte, and make a decree, the defendant would the next moment be entitled to a rehearing upon giving security—by receiving the answer at this time a necessity for a rehearing may be superceded.
The 5th section of the act for the regulation of the proceedings of this court, includes this case, and if it did not, I should be strongly inclined to think, that the order ought to be set aside, and the defendant permitted to answer upon shewing good cause; ex parte proceedings ought not to be encouraged. In civil suits they are unknown to the principles of the common law, but introduced into the court of chancery, respecting absconding defendants, or persons who wilfully evade the due process of law. It appears proper that the answer should be received.
White, judge.
There is no doubt, but the legislature intended, that the act should have effect from its passage, but in applying the general provision, I do not feel myself authorised to carry it so far as to take away a right which the complainant had acquired under the former mode of practice.
It has been decided in this court before the passage of this act, that an order for taking a bill pro confesso, against a non resident defendant, cannot be set aside after the term in which it was made.
The words of the act are satisfied without extending *35 it so as to take away the right which the complainant has acquired, to have the cause heard ex parte; or upon the order made antecedent to the act.
In principle I am incapable of making a distinction between this case, and one which took place in this court, relative to depositions. In the case alluded to, it appeared, that depositions had been taken, returned and filed before the passing of the act, and under circumstances, where the act would require the testimony to be given ore tenus in court. But as they had been legally taken, the court decided that the depositions should be read, and that there was no necessity that the evidence should be exhibited viva voce. Believing that we have no power, as the plaintiff had obtained a right to a hearing ex parte, before the passage of the act, the answer cannot be received.
Campbell, judge.
I agree with the opinion first delivered. The legislature designed to include all cases respecting the practice, and as it is to conduce to a more complete investigation of the cause, the answer ought to be received, under the circumstances disclosed in the affidavit.
It does not appear as if such a construction of the act will be unconstitutional nor retrospective, being merely a point of practice.
The case does not appear to be similar to the one where depositions, were ordered to be read, which had been taken previous to the act.
The answer having been received and read; upon motion, the Injunction was dissolved for $649 47cts. provided the defendant should give security to refund, should a decree be passed against him upon final hearing; and retained for the balance. Security was accordingly given.