Green, J.
delivered the opinion of himself, and Ca-tron, Ch. J. .The bill was filed in the circuit court of Carroll county, and states the residence of the defendants *83 to be in the county of Maury. Process was served on the defendants in Maury county. The circuit court dismissed the bill for want of jurisdiction, on the motion of defendants.
It is clear in this case the court had no jurisdiction over the persons of the defendants. Cooke Rep. 87, 339. The acts of 1825, ch. 22, and 1827, ch. 42, apply only to the chancery courts. They do not extend the jurisdiction of the circuit courts. The words “chancery courts,” used in these acts, do not mean all courts having and exercising chancery powers, but must mean the district chancery courts, as contradistinguished from the circuit courts.
The court did right in dismissing the bill. On its face its shows the residence of the defendants, and the return of the process shows that it was served upon them in Maury county. Why proceed, when the court was thus compelled to perceive it had no jurisdiction; why require a plea in abatement? A plea states facts not appearing in the bill. In this case the plea would only be a repetition of the facts stated in the bill, it would have disclosed no additional fact, and was wholly useless and unnecessary. The court was bound to stop, so soon as it saw it had no jurisdiction df the case.
Whyte, J. dissented.
Decree affirmed.