John Oliver *v.* Joe Altsheler and Dillard Payne, Individually, and also d/b/a Trenton Grain Company, *et al.*

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

Petition for Rehearing denied May 6, 1955.

Williams, Harwell, Howser & Thomas, of Nashville, and Jeff D. Fults, of Tracy City, for plaintiff in error.

Manier, Crouch, Manier & White, of Nashville, for defendant in error.

156

MR. JUSTICE PREWITT delivered the opinion of the Court.

There are three cases involved here and they grow out of an automobile collision between the car of the plaintiff, John Oliver, and a truck owned by the defendants. The collision and the injuries and damages resulting therefrom took place in Grundy County, Tennessee. The defendants were residents of Kentucky, and the plaintiffs residents of Florida.

The collision took place on·January 6, 1950, and on August 30, 1950, suits were instituted in the Circuit Court of Davidson County, Tennessee, and service was attempted on the defendants by service of process on the Secretary of State of this State under provisions of Section 8671 et seq. of the 1932 Code, as amended. Pleas in Abatement were filed to the jurisdiction of the court, which pleas were sustained by the Circuit Court. Appeal resulted and this court affirmed in a published opinion reported in 191 Tenn. 640, 235 S. W. (2d) 806, that case holding that the venue was in Grundy County, where the collision took place.

Suit was then filed in Grundy County, more than one year from the date of the accident, the plaintiff bringing this action under the authority granted by Section 8671 of the Code of Tennessee. The defendants then filed their

pleas in abatement to the summons and declaration in each case contending that these suits were brought more than one year from the accident and injuries claimed.

Subsequently the trial judge sustained these pleas in abatement and dismissed the suits. This appeal in error resulted.

It will be noted that both the plaintiffs and the defendants were non-residents of the State of Tennessee, and that the parties brought their second suit in the County in this State in which the collision took place.

It is conceded that the second suit was brought in the right county and the venue was properly in Grundy County, but it is insisted that more than one year having elapsed from the date of the collision or injuries complained of then the suits are barred by the one year Statute of Limitations.

We are of the opinion that the Circuit Judge was correct in sustaining the Pleas in Abatement since Section 8671, as amended, limits the agency and the authority of the Secretary of State to accept service of process to one year after the date of the accident or injury, unless the statute is tolled by Section 8572 of the Code which reads as follows:

"8572 4446 (2755). New action within one year after inconclusive judgment, dismissal, arrest, or reversal.—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence

a new action within one year after the reversal or arrest. (1715, ch. 27, sec. 6; 1819, ch. 28, sec. 3, Modified.)''

The Section just quoted provides for the survival of actions not concluded on its merits.

These suits were originally brought within the period in which the Secretary of State was authorized to accept service in the Circuit Court of Davidson County. Plea in Abatement to that court's jurisdiction was sustained by the trial court, and on appeal in error to this court the pleas were sustained and the suits were dismissed on January 13, 1951.

In the case of *Thomas* v. *Altsheler,* 191 Tenn. 640, 235 S. W. (2d) 806, this action was not a determination of the suit on its merits and the cause of action survives under the provision of Section 8572 of the Code.

The suit having been properly brought in Grundy County, *Thomas* v. *Altsheler,* supra, then we are confronted with the proposition that more than one year having elapsed from the time of the collision until the bringing of the second suit, whether the first suit tolled the statute of limitations of one year. This was decided adversely to the contention of the plaintiffs in the recent case of *Tabor* v. *Mason Dixon Lines, Inc.,* 196 Tenn. 198, 264 S. W. (2d) 821, 822, decided by this Court on December 11, 1953. This Court said in the last cited case:

''* * * It seems to us that it was the intention of the Legislature enacting the Code Section presently under consideration (8671) that their intention was to make this an agreement statute for those non-residents using our roads to agree that one in this State (The Secretary of the State of Tennessee) should be the agent of the non-resident using our roads. This is not a limitation statute but an appointing statute

appointing this official as the agent of the non-resident. There being no ambiguity in this statute we do not think that the statute should be read in pari materia with the limitation statute or the saving statute Code, § 8571 above referred to.

"* * * When we thus construe the statute in question (8671) in the light of its very plain language it is rather obvious that the agency of the Secretary of State of Tennessee for the non-resident only extends one year from the date of the accident. * *

"Under the clear factual situation as shown herein and the unambiguous language of the statutes the agency of the Secretary of State to accept service for this non-resident expired one year from the date of the accident or injury complained of."

We hold that the second suit having been filed more than one year from the date of the collision is barred by the one year statute of limitations.

█ It is next insisted that the pleas in abatement were filed too late and after there had been a general continuance of the cases, and it is further insisted that these pleas were not filed at the first opportunity opened to the defendant.

In answer to this it might be stated that the filing of these pleas was largely in the discretion of the trial court, and this court will not interfere with the trial court's discretion in this respect unless this discretion has been abused.

We do not find from the record that the pleas were filed after the general continuance of the cases, and we cannot find that the trial judge abused his discretion in allowing the pleas to be filed when he did.

It results that all assignments of error are overruled and the judgment of the trial court is affirmed.