FRANCES STERN *v.* JOHN R. MOTTRAM ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 109464

Memorandum filed October 28, 1957.

*Winnick & Winnick,* of New Haven, for the plaintiff.

*Davis, Lee, Howard & Wright,* of Hartford, for the defendants.

SHAPIRO, J. On October 30, 1955, the day of the accident alleged in the complaint, the defendant John R. Mottram was in the United States navy and lived with his wife, Joan, the codefendant, and their two children at the Woodland Trailer Park in Waterford, Connecticut. About January 1, 1956, this family moved to Farina's Trailer Court at Groton, Connecticut. During July or August of 1956, the family moved to New London, Connecticut, on Jefferson Avenue. From the middle of January to March 1, 1957, Mrs. Mottram and her children, who had again moved to Franklin Avenue in New Lon-

don, Connecticut, lived there while John was at sea. During all the time recited above, John was stationed at the New London naval base.

After leaving New London on January 4, 1957, for a naval sea trip, and stopping en route at many ports, John returned to New London on March 1, 1957. His return was for the purpose of helping his family move to Pasadena, Texas, where, pursuant to navy orders, he had been transferred. On March 4, 1957, the Mottrams, having left New London and having gone to Texas, rented premises there known as 115 West Austin Street in the city of Pasadena. On this day they paid deposits for water, gas and electricity at this address, at which time these various utilities were turned on in the new rental. The Mottram family continued to live at this same address in Pasadena, Texas, until September 4, 1957, when Mr. Mottram received orders from the navy transferring him to Newport, Rhode Island. The family then left Texas and moved to Rhode Island. The family presently resides in Jamestown, Rhode Island, and Mr. Mottram, who is still in the navy, is stationed at said Newport.

Mr. Mottram first went into the navy on January 10, 1952, and on December 27, 1952, he and the codefendant were married in Hartford, Connecticut. They now have three children. On May 1, 1955, John obtained an operator's license in Connecticut, at which time he gave as his address No. 385 Hillside Avenue, Hartford, Connecticut, this actually being the address of Mrs. Mottram's mother. This license expires November 30, 1957, and was issued to John without fee because of his being in the military service. This license shows no change of address, nor has Mr. Mottram notified the Connecticut motor vehicle department of his having moved to either Texas or Rhode Island. He explained that since he was in military service he gave the Connecticut

motor vehicle department this Hartford address and left it that way because he did not have time or wish to be troubled with obtaining a new operator's license in each state to which he might be transferred. He stated also that if he and his family should move and leave no forwarding address, and because he is at sea a great deal, and this would necessitate the forwarding of his mail in the interim, he was thus enabled to have a fixed mailing address for that purpose at his mother-in-law's home in Hartford.

At the time of this accident on October 30, 1955, John was operating a Connecticut registered automobile owned by his wife. He has never voted anywhere or become a voter. Presently, he owns an automobile registered in Texas and bearing Texas license plates.

Mr. Mottram was born in Hartford, where he attended school and lived until he was inducted into the navy on January 10, 1952. Mrs. Mottram was born in Massachusetts and then lived in Hudson, New Hampshire, before marrying John.

In his testimony, Mr. Mottram stated that he did not view Connecticut as his residence, indicating that he made his residence in those localities where the navy stationed him. He indicated that he was uncertain as to how long he would remain in the navy and if he did not make a career of it, he hoped to move back to Texas or somewhere in the south. The evidence also disclosed that the Mottrams, when they moved from Connecticut to Texas, took all of their belongings with them. Nothing was left behind in Connecticut. This same thing occurred when they moved to Rhode Island.

In this suit, service was made on the motor vehicle commissioner on May 14, 1957, and also on this date copies of the writ were addressed and mailed to both defendants at No. 385 Hillside Avenue, Hart-

ford, Connecticut. Two post office return receipts bear signatures claimed to be that of the defendants, but both cards bear the postmark of Pasadena, Texas, and are dated May 20, 1957. There appears to be no question but that these writs were received by these defendants, by mail in Pasadena, Texas.

At the outset, it should be noted that although the accident occurred on October 30, 1955, the writ was signed by the plaintiff's attorney on May 6, 1957. On the very face of this, and especially since the evidence shows that these defendants did not leave Connecticut for Texas until around March 1, 1957, and in the light of our Statute of Limitations, the court cannot understand why an issue is being made by the plaintiff to this motion. However, the instant motion will be decided on its merits and the evidence at hand.

On June 11, 1957, the defendants appeared specially and pleaded to the jurisdiction. They claim that neither under § 7780 nor in any other manner can this in personam action be brought against them as nonresidents. The plaintiff claims that § 7780 applies here, and that the service as made is valid.

The defendants appeared specially and pleaded to the jurisdiction on the ground that (1) no personal service was made upon either of them; (2) no attachment was made in Connecticut of property of either one; (3) no service was made on them other than by leaving a true and attested copy of the process with the motor vehicle commissioner and sending a like copy to them; (4) both were nonresidents at the time of the service of process.

The question involved here is one of jurisdiction over the person as distinguished from jurisdiction over the subject matter. In the absence of personal service within Connecticut, there would be no jurisdiction to render an in personam judgment against

a nonresident defendant unless there had been some sort of waiver of such notice. *Hartley* v. *Vitiello*, 113 Conn. 74. In his argument, the plaintiff contends that § 7779 of the General Statutes applies to the present situation. Nothing could be more unrealistic. This statute applies to an operator, who at the time of an accident, is a nonresident of this state. On October 30, 1955, these defendants were residents of Connecticut, and for that obvious reason, § 7779 does not apply in this case.

The plaintiff claims that since the defendant John R. Mottram had failed to notify the commissioner of his change of address and had retained his Connecticut operator's license, he was an operator upon whom service could not be made at the address on file in the office of the commissioner under § 7780, thereby making substituted service upon the commissioner a valid service. Section 7780 clearly does not apply to a nonresident defendant. Obviously, the 1957 session of the legislature recognized this very point, in its adoption of Public Act No. 162, by which § 7780 was amended. In this amended statute it is now provided that any operator or owner of a motor vehicle at the time of issuance of his license or registration shall be deemed to have appointed the commissioner as his attorney for purposes of service of process in any negligence suit and that such service shall have the same validity as service upon such owner or operator personally, "even though the person sought to be served has left the state prior to commencement of the action or his present whereabouts is unknown." This new act cannot, of course, be of any assistance to the plaintiff in her predicament.

There is nothing in the law which requires one to return his Connecticut operator's license to the commissioner where such operator has moved. Section 2385 does require an operator to notify the com-

missioner of a change of address within forty-eight hours. Because this was not done, the plaintiff claims this to be one of the factors for the court to consider in the question of residence.

The evidence clearly shows that at the time of the accident these defendants were residents of Connecticut. When service was made on them by mail, they were residents of Texas. The mere fact that he retained his Connecticut operator's license, and used the Hartford address thereon of his mother-in-law for reasons related here, does not convert Mr. Mottram's legal status as to his residence. The Mottram family clearly changed its residence when it moved from Connecticut to Texas.

The plaintiff is in no different situation than any other person who has an in personam cause of action against a nonresident. Under the facts here, she was required to sue within Connecticut during the year following the accident, and this she could have done easily and in full compliance with the law, but for some reason, failed to do so. In any event, as to the service made here, she should have sued in the state where adequate service could be made to give jurisdiction for rendering an in personam judgment. That state was Texas and not Connecticut.

The plea is sustained on the grounds set forth therein. Since this is conclusive of the case, judgment may enter dismissing the action for want of jurisdiction.