Harold Russell Anderson

*v.*

James Sherill Outland

360 S.W.2d 44.

(*Jackson,* April Term, 1962.)

Opinion filed September 7, 1962.

Aaron Brown, Paris, for plaintiff in error.

Van Dyke & Dunlap, Paris, for defendant in error.

MR. JUSTICE FELTS delivered the opinion of the Court.

This was an action brought by a resident against a non-resident motorist for damages for personal injuries caused by defendant's negligence in operating his automobile on a highway in this State. Process to him was accepted by the Secretary of State as his agent, under our statute (T.C.A. secs 20-224 to 20-226) providing for substituted service in such cases.

The accident occurred October 8, 1960, the summons was issued and the declaration filed October 5, 1961, forwarded to the Secretary of State, received by him October 16, 1961, and on the same day he accepted service of the process and mailed a copy of it and of the declaration to defendant at his home address in Kentucky, and on October 20, 1961, the Secretary received the return receipt showing delivery had been made.

Defendant pleaded in abatement to the service, that the Secretary of State's agency to accept service for him continued only for one year from the date of the accident (Oct. 8, 1960), and that the Secretary's attempted acceptance of service October 16, 1961, 8 days after the year expired, and after the agency had ended, was invalid and ineffective to give the Court jurisdiction of him.

The Trial Judge sustained the plea and dismissed the action. Plaintiff appealed in error and insists this ruling was error. So, the question is one of construction of our statute as to the period or duration of the Secretary of State's agency to accept service for defendant; whether in this case the agency expired with the year, or continued until the Secretary could complete the service.

Our statute, like those of the other States of the Union, extends to a nonresident motorist the privilege of operating a motor vehicle on the highways of the State, and provides that by using such privilege he appoints the Secretary of State his agent to accept service of process for him in any civil action for injury or damage caused in this State by his operation of such vehicle (T.C.A. sec. 20-224).

The statute also provides that such service of process shall be by lodging the summons and a copy with the Secretary of State; and that he shall promptly mail the copy to the defendant, with written notice that service was so made; and that if it appears that such nonresident is dead, then either original or alias process may issue directed to the personal representative of such nonresident (T.C.A. sec. 20-226).

Up to 1955 the provision of the statute (T.C.A. sec. 20-224) as to the period or the duration of the Secretary of State's agency to accept service for a nonresident motorist was as follows:

"The agency of the secretary of state to accept service of process shall continue for a period of one (1) year from the date of any accident or injury and shall not be revoked by the death of such nonresident within such period of one (1) year. (Code 1932, sec. 8671; Acts 1947, ch. 235, sec. 1; 1949, ch. 47, secs. 1, 2; C.Supp. 1950, sec. 8671.)"

This provision was construed in *Tabor v. Mason Dixon Lines, Inc.* (1953) 196 Tenn. 198, 264 S.W.2d 821. There, the accident occurred November 18, 1951, summons issued November 13, 1952, and was received by the Secretary of State November 25, 1952, a year and 7 days after the

accident. It was held that the Secretary's agency to accept service continued only "one year from the accident" and had expired when he undertook to accept service.

It was there urged that the suing out of the summons within the year stopped the running of the period, because this statute was to be considered as a statute of limitation, in *pari materia* with Code Section 8571, which provides that the suing out of a summons is the commencement of an action, stopping the running of the limitation, whether summons be executed or not, if the action is duly prosecuted by alias process, etc.

The Court rejected this contention and held that this is "not a limitation statute but an appointing statute appointing this official as agent for the nonresident." The Court also said that there was "no ambiguity" in the statute, and that from "its very plain language it is rather obvious that the agency of the Secretary of State of Tennessee for the nonresident only extends one year from the date of the accident."

Thus the construction of the statute, established by the Tabor case, was that the Secretary's agency to accept service ended with the year so that he could not later accept service even though the process had been sued out within the year. A like ruling was made upon the same state of facts in *Oliver v. Altsheler,* 198 Tenn. 155, 278 S.W.2d 675.

A different result, however, was reached in *Noseworthy v. Robinson,* 203 Tenn. 683, 315 S.W.2d 259. Summons was sued out, received by the Secretary and mailed by him to nonresident, all within the year; but was returned unclaimed, owing to mistake in the address. It was held that an alias summons could properly issue after the

year was out so as to bring the defendant nonresident before the Court.

As stated, *Tabor v. Mason Dixon Lines, Inc.*, supra, held that, under the above quoted provision, the Secretary of State's agency to accept service extended for only one year from the accident and he could not after the year accept service of process sued out within the year. Apparently to meet that holding, the Legislature in 1955 amended this provision by adding at the end of it another paragraph as follows:

"Such agency shall continue so long after the expiration of such year as may be necessary to enable the secretary of state to complete the service of process, sued out prior to the expiration of said year and forwarded to him with reasonable dispatch * * *"

(Ch. 265, Acts 1955; 1961 Supp. T.C.A. sec. 20-224).

Thus while the statute originally said "the agency of the Secretary of State to accept service of process shall continue for a period of one year" from the accident, this amendment says: "Such agency shall continue so long *after the expiration of such year* as may be necessary to enable" him "to complete the service of process, *sued out prior to the expiration of said* year and forwarded to him *with reasonable dispatch.*" (Italics ours.)

The clear and plain meaning of this language is that if the process is sued out within one year from the accident (even on the last day "prior to the expiration of said year") and forwarded to the Secretary "with reasonable dispatch" (though it reaches him after the end of the year), his "agency shall continue *so long after the*

*expiration of such year* as may be necessary to enable" him "to complete the service of process."

■ It is said that statutes for substituted service on nonresident motorists, being in derogation of common rights, are to be strictly construed. But such a rule of construction applies only where the statute is ambiguous or open to more than one meaning. *Tabor v. Mason Dixon Lines, Inc.,* supra; 5A Am.Jur., Automobiles and Highway Traffic, Sec. 862.

■ The whole purpose of statutory interpretation is to ascertain and give effect to the legislative intent; and all rules of construction are but aids to this end. *Woodroof v. City of Nashville,* 183 Tenn. 483, 489, 192 S.W.2d 1013. Where the words of a statute are clear and plain and fully express the legislative intent, there is no room to resort to auxiliary rules of construction. *State ex rel. Weldon v. Thomason,* 142 Tenn. 527, 539, 221 S.W.491; *Gilmore v. Continental Casualty Co.,* 188 Tenn. 588, 591, 221 S.W.2d 814. In *Hickman v. Wright,* 141 Tenn. 412, 418, 210 S.W. 447, 448, it was said:

"The universal rule seems to be that if the actual language and provisions of the statute are plain and clear, and are devoid of contradiction or any affirmative ambiguity, so that the statute, as the result of the express provisions, is not reasonably susceptible of a twofold meaning, then there is no room for applying any other rules or canon of construction to the act." (Citing numerous authorities.)

Our statute is like that of most of the other States. It does not discriminate against nonresident motorists, but puts them on an equality with residents by making them suable in the State Courts in the same way as residents.

*Bertrand v. Wilds,* 198 Tenn. 543, 553, 281 S.W.2d 390; *Wuchter v. Pizzutti,* 276 U. S. 13, 48 S.Ct. 259, 72 L.Ed. 446; *Kane v. State of New Jersey,* 242 U. S. 160, 37 S.Ct. 30, 32, 61 L.Ed. 222.

■ This statute is enacted for the benefit of the persons injured within the State rather than for the benefit of nonresident motorists causing such injuries. *Bertrand v. Wilds,* supra, 553, 281 S.W.2d 390; 5A Am.Jur., Automobiles and Highway Traffic, Sec. 862. Its intent is "to better enable enforcement in the Tennessee Courts" of the remedies for such injuries. *Leggett v. Crossnoe,* 206 Tenn. 700, 706, 336 S.W.2d 1.

Such intent is furthered by this 1955 amendment, which provides that when process is sued out within one year from the injury, "[or] prior to the expiration of said year", and "forwarded to him (the Secretary) with reasonable dispatch", his "agency shall continue so long after the expiration of such year" as to enable him to complete the service, which he must promptly do, under other provisions of the statute not here involved.

Defendant, however, insists that the Legislature, by enacting this 1955 amendment, "did not attempt to extend the time of the agency of the Secretary of State to accept service of process which is one year from the date of any accident or injury but only clarified the point that his agency could continue after that time for the purpose of completing the service of process which the Secretary of State does by complying with provisions of Sections 20-226 and 20-227."

To sustain the contention, that this amendment did not extend the Secretary of State's agency beyond one year to accept service of process sued out within the year and

forwarded to him with reasonable dispatch, would disregard the plain words of the amendment. If its purpose was not to extend the time of the agency in such case, what was its purpose? To uphold such contention would nullify this amendment.

■ As stated, this amendment provides that if the process was sued out within the year and forwarded to the Secretary "with reasonable dispatch," his agency shall continue so long after the expiration of such year as may be necessary to enable him to complete the service of process. We think the legislative intent, by use of the words "forwarded with reasonable dispatch," was to give some leeway, having regard to the usual course of doing things—reasonable time for the clerk to prepare copy of summons and a reasonable time to forward same to the Secretary of State.

■ In the case before us, the summons was sued out within the year (3 days before the end of the year), forwarded to the Secretary of State, and reached him 8 days after the end of the year, which would seem "with reasonable dispatch" according to the usual course of affairs; and that in such circumstances, the Secretary's agency continued "so long after the expiration of the year" as was necessary to enable him to complete the service.

The judgment of the Circuit Court, sustaining the plea in abatement and dismissing the suit, is reversed and the case is remanded for further proceedings not inconsistent with this opinion. The costs of the cause are adjudged against defendant.