EATHER MORRIS THOMAS, Plaintiff-in-Error,

*v.*

EUGENE ANDERSON, Defendant-in-Error.

MRS. EATHER (THELMA IOIN) THOMAS, Plaintiff-in-Error,

*v.*

EUGENE ANDERSON, Defendant-in-Error.

435 S.W.2d 109.

(*Knoxvville,* September Term, 1968.)

Opinion filed December 6, 1968.

TED Q. WILSON, Oneida, for plaintiffs-in-error.

HUGH W. MORGAN, Knoxville, for defendant-in-error; KRAMER, DYE, GREENWOOD, JOHNSON & RAYSON, Knoxville, of counsel.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

These appeals are from a judgment sustaining a plea in abatement filed in each suit which urged identical grounds for abatement of the suits. Hence, one opinion will suffice to dispose of both appeals.

We will refer to the parties as they appeared in the trial court: that is, plaintiffs-in-error as plaintiffs; and defendants-in-error as defendant.

On December 10, 1966, the automobile in which plaintiffs were riding was struck by an automobile bearing an Indiana license number owned and operated by defendant in Scott County, Tennessee, resulting in injuries to plaintiffs.

On September 8, 1967, plaintiffs filed their declarations and summonses in each case were issued to the Sheriff of Scott County. The summonses, although returnable to the November term, were returned on January 5, 1968, "not to be found, out of State." Alias process was issued in each case on that date again directed to the Sheriff of Scott County and each was returned unserved on January 19, 1968.

On February 7, 1968, alias process returnable to the March term of the Circuit Court of Scott County was issued in each case. The process and a certified copy of the declaration in each case were mailed to the Secretary of State, who received and forwarded same to defendant at Strunk, Kentucky, by registered mail on February 8, 1968. The registered letter was returned undelivered to the Secretary of State on February 16, 1968, with the

notation: "Forward P. O. Box 242 Oxford, Ind." and marked "Refused." The Secretary of State accepted service for March 4, 1968, on the same date.

On the first day of the July term of court, defendant filed a plea in abatement to each summons on the ground the Secretary of State was not, at the time he accepted service of process, the agent of defendant for service of process.

On July 3, 1968, plaintiffs orally moved the court to strike the pleas on the ground the pleas came too late because they were filed after a general continuance from the March term of court.

The trial judge overruled the motion and dismissed plaintiffs' suits.

Plaintiffs have appealed and assigned as error the action of the trial judge in overruling their motions to strike the pleas, sustaining same and dismissing their suits.

Plaintiffs insist the pleas were filed after a general continuance and service of process on the Secretary of State in February, 1968, was good contrary to the holding of the trial judge. We disagree and affirm the judgment of the trial court.

■ It is true, "as cases are reached on the docket they must be tried, continued or dismissed." Caruther's History of a Lawsuit, Eighth Edition, Section 312, page 361. Cases not otherwise dealt with are continued. *Polk's Lessee v. Gentry et al.*, 1 Tenn. 269 (1808).

■ It is also true pleas in abatement are dilatory and not favored. Such pleas must be verified and filed at the first opportunity and may not be filed after a general

continuance. *Troxel v. Jones,* 45 Tenn.App. 264, 322 S.W.2d 251 (1958). The time for appearance, demurrer or plea of defendant is set forth in Sections 20-901 and 20-902, T.C.A., and are strictly construed.

■ However, a plea in abatement is not necessary as to a matter apparent upon the face of the record because such matter may be taken advantage of by demurrer or motion, or at the trial. *Parker v. Porter,* 12 Tenn. 81 (1833); *Chambers v. Sanford & Treadway,* 154 Tenn. 134, 289 S.W. 533 (1926).

"A plea states facts not appearing in the bill. In this case, the plea would only be a repetition of the facts stated in the bill, it would have disclosed no additional fact, and was wholly useless and unnecessary. The court was bound to stop, so soon as it saw it had no jurisdiction of the case." *Parker v. Porter,* supra.

■ In the case at bar the pleas state no facts which were not apparent in the record. The trial judge was warranted in finding he had no jurisdiction of the person of defendant and treating the pleas as motions.

■ The nonresident motorist statute, T.C.A. Section 20-224, is not a limitation statute; but is an appointing statute and the Secretary's agency is both created and limited by the provisions of the statute, *Tabor v. Mason-Dixon Lines, Inc.,* 196 Tenn. 198, 264 S.W.2d 821 (1953); *Oliver v. Altsheler,* 198 Tenn. 155, 278 S.W.2d 675 (1955); *Anderson v. Outland,* 210 Tenn. 526, 360 S.W.2d 44 (1962).

T.C.A., Section 20-224 provides in part:

"The agency of the secretary of state to accept service of process shall continue for a period of one (1)

year from the date of any accident or injury and shall not be revoked by the death of such nonresident within such period of one (1) year. Such agency shall continue so long after the expiration of such year as may be necessary to enable the Secretray of State to complete the service of process, sued out prior to the expiration of said year and forwarded to him with reasonable dispatch. The secretary of state shall keep a docket in which he shall enter the style of the cause, the date of issuance of such process, the date of its receipt by him and the date on which it was forwarded by him to the person named as defendant therein.''

In the case of *Anderson v. Outland*, supra, Mr. Justice Félts, speaking for the Court, said:

''The clear and plain meaning of this language is that if the process is sued out within one year from the accident (even on the last day 'prior to the expiration of said year') and forwarded to the Secretary 'with reasonable dispatch' (though it reaches him after the end of the year), his 'agency shall continue so long after expiration of such year as may be necessary to enable' him 'to complete the service of process.'''

It is clear in order to continue the Secretary's agency beyond one year from the date of the accident process must be sued out prior to the expiration of that year and forwarded to him with reasonable dispatch. The meaning of ''service of process, sued out prior to the expiration of said time,'' becomes clear when the next and last sentence of the statute in question is taken into consideration. ''The secretary of state shall keep a docket in which he shall enter the style of the cause, the date of issuance of such process, the date of its receipt by him

and the date on which it was forwarded by him to the person named as defendant therein."

The process which must be sued out prior to the expiration of such time is the one which is addressed to the Secretary of State. The Secretary shall enter, "the date of issuance of such process," in his docket. It is clear that if the process is not sued out before the expiration of the time limit the agency of the Secretary cannot be extended.

It is further stated in *Anderson v. Outland*, supra:

"We think the legislative intent, by use of the words, 'forwarded with reasonable dispatch,' was to give some leeway, having regard to the usual course of doing things—reasonable time for the clerk to prepare copy of summons and a reasonable time to forward same to the Secretary of State."

It appears the plaintiff knew or should have known by the use of reasonable diligence the defendant was a nonresident. The provisions of T.C.A. Section 20-224 were at all times available to them. However, plaintiffs made no attempt to obtain service on the Secretary of State until almost fourteen months after the accident. The accident occurred on December 10, 1966, and process was issued to the Secretary of State on February 7, 1968. This period of time being more than one year as provided for in the statute, the agency of the Secretary was not extended and had ceased to exist.

The judgment of the trial court is affirmed. Plaintiffs are taxed with the costs.

BURNETT, CHIEF JUSTICE, AND DYER, CRESON AND HUMPHREYS, JUSTICES, concur.