Mrs. Maggie P. Speight, Plaintiff in Error,

*v.*

Mrs. Rose Lowe Miller, Defendant in Error.

443 S.W.2d 657.

(*Nashville,* December Term, 1968.)

Opinion filed July 18, 1969.

WILLIAM J. HARBISON, Nashville, for plaintiff in error.

LEWIS B. HOLLABAUGH, Nashville, MANIER, CROUCH, WHITE & HEROD, Nashville, of counsel, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

Mrs. Maggie P. Speight appeals from a judgment of the First Circuit Court of Davidson County sustaining a plea in abatement and dismissing the cause.

Hereinafter, reference will be made to the parties as they appeared in the trial court; that is, Mrs. Maggie P. Speight as plaintiff, and Mrs. Rose Lowe Miller as defendant.

On November 4, 1967, plaintiff and defendant were involved in an automobile collision in Nashville, Tennessee. Plaintiff's automobile bore Tennessee license plates and the automobile of defendant bore Virginia license plates.

In a suit filed October 16, 1968, plaintiff sought recovery for personal injuries and property damage sustained in the accident.

However, when the Deputy Sheriff of Davidson County undertook to serve process upon the defendant at the Nashville, Tennessee address given by her at the time of the accident, it was discovered that defendant had left Tennessee. Inquiry revealed that defendant had become a resident of Chicago, Illinois.

On November 8, 1968, alias process issued to the Secretary of State of Tennessee, under T.C.A. sec. 20-224.

On December 17, 1968, defendant filed a plea in abatement to plaintiff's cause of action. Defendant insisted that the agency of the Secretary of State to accept service of process had expired prior to issuance of the alias process.

Upon hearing of the cause, as stated before, the trial court sustained the plea in abatement and ordered the suit dismissed. An appeal in error to this Court was

prayed and granted. The assignment of error filed by plaintiff in this Court is as follows:

"The Circuit Court erred in sustaining the plea in abatement filed by the defendant and in dismissing plaintiff's suit.

This was error because the alias process in this case was issued pursuant to an original summons which had been sued out well within the prescribed period of the statute of limitations. * * * Under these circumstances, it is the contention of plaintiff that the spirit and purpose of the Nonresident Motorist Statute have been complied with, and it is submitted that the result reached below is a most technical and harsh one. The Plaintiff should not be required to invoke the Nonresident Motorist Statute unless and until the plaintiff has information that the statute is applicable. * * *"

This assignment of error and the arguments of counsel confront this Court with two questions: (1) Whether amendments to T.C.A. sec. 20-224 are applicable to the instant case, and (2) whether or not issuance within proper time of original process, to be served on the defendant only, serves to extend the period of agency authority vested by the aforementioned statute in the Secretary of State to receive process in such form and manner as to bind the defendant to appear and defend.

■ Defendant has moved in this Court to dismiss the appeal on the ground that plaintiff has failed to file assignments of error and brief within the time allowed. Having examined the record and being advised of the circumstances we are constrained to observe that the instant case does not warrant strict enforcement of the rules of this Court; the motion is thus overruled.

Prior to April 3, 1968, the pertinent portion of T.C.A. sec. 20-224 read as follows:

"The agency of the secretary of state to accept service of process shall continue for a period of one (1) year from the date of any accident or injury and shall not be revoked by the death of such non-resident within such period of one (1) year. Such agency shall continue so long after the expiration of such time as may be necessary to enable the secretary of state to complete the service of process, sued out prior to the expiration of said year and forwarded to him with reasonable dispatch. The secretary of state shall keep a docket in which he shall enter the style of the cause, the date of issuance of such process, the date of its receipt by him and the date on which it was forwarded by him to the person named as defendant therein."

This provision was amended on the above-mentioned date, as follows:

"BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. Amend Section 20-224 of Tennessee Code Annotated by deleting the second paragraph and substituting in lieu thereof the following:

'The agency of the Secretary of State to accept service of process in actions for personal injury shall continue for a period of one (1) year from the date of any accident or injury and in actions for injury to personal property, for a period of three (3) years from such date and shall not be revoked by the death of such nonresident within such periods of time. Such agency shall continue so long after the expiration of such time as may be necessary to enable the Secretary

of State to complete the service of process, sued out prior to the expiration of said time and forwarded to him with reasonable dispatch. The Secretary of State shall keep a docket in which he shall enter the style of the cause, the date of issuance of such process, the date of its receipt by him and the date on which it was forwarded by him to the person named as defendant therein.'

SECTION 2. This Act shall become effective upon its passage, the public welfare requiring it.''

It is plain that T.C.A. sec. 20-224, as amended, retains the one-year agency of the Secretary of State to accept service of process in actions for personal injury and lengthens to three years such agency with regard to actions for injury to personal property. Thus, under T.C.A. sec. 20-224, as amended, the agency of the Secretary of State to accept service of process begins on the date of the accident and extends for one year in cases of personal injury, and for three years in cases of damage to personal property.

■ With regard to the first issue presented in this case, it is plain that T.C.A. sec. 20-224, as amended, applies to the facts of this case. Section 2, Chapter 574, Public Acts of 1968, quoted above, provides that the amendments to T.C.A. sec. 20-224 shall become effective upon passage. The effective date of these amendments was April 3, 1968. The instant case was filed October 16, 1968, well after passage of the amendments.

With regard to the second issue raised by defendant, it is vigorously insisted that where a plaintiff in good faith sues out an original summons within a year from the date of the accident, and this summons cannot be

served, an alias summons issued after one year from the date of the accident and forwarded promptly to the Secretary of State, is sufficient and relates back to the date of the original summons.

Under prior decisions of this Court, this insistence is without merit.

■ The Tennessee Nonresident Motorist statute, T.C.A. sec. 20-224, is not a limitation statute; but, rather, is a process statute which both creates and limits the agency of the Secretary of State. See *Thomas v. Anderson* (1968), 222 Tenn. 204, 435 S.W.2d 109, and the cases cited therein.

■ The case just cited, in which this Court spoke through Mr. Justice Chattin, is decisive of the second question raised in this case:

"It is clear in order to continue the Secretary's agency beyond one year from the date of the accident *process must be sued out prior to the expiration of that year* and forwarded to him with reasonable dispatch. The meaning of 'service of process, sued out prior to the expiration of said time,' becomes clear when the next and last sentence of the statute in question is taken into consideration. 'The secretary of state shall keep a docket in which he shall enter the style of the cause, the date of issuance of such process, the date of its receipt by him and the date on which it was forwarded by him to the person named as defendant therein.'

*The process which must be sued out prior to the expiration of such time is the one which is addressed to the Secretary of State.* The Secretary shall enter, 'the date of issuance of such process,' in his docket. It is clear that if the process is not sued out before the expira-

tion of the time limit the agency of the Secretary cannot be extended." (Emphasis supplied.) *Thomas v. Anderson,* supra, at 111.

■ Examination of the record in this case reveals that service of process upon the Secretary of State with regard to the action for personal injuries was not within the one-year agency to accept service of process. It is plain, however, that service of process upon the Secretary of State with regard to the action for damage to personal property was within the three-year agency created by the statute in question, as amended.

It results that the judgment of the trial court is affirmed in part and reversed in part. The cause is remanded to the trial court for further proceedings. Costs of this appeal shall be taxed equally to the parties.

BURNETT, CHIEF JUSTICE, and DYER and CHATTIN, JUSTICES, concur.

HUMPHREYS, JUSTICE, not participating.