Franky HENDERSON, Plaintiff-in-Error,

v.

Hugh W. FORD, Defendant-in-Error.

Supreme Court of Tennessee.

Dec. 18, 1972.

James H. Jarvis, Maryville, for plaintiff in error.

Wheeler A. Rosenbalm, Knoxville, for defendant in error.

## OPINION

HUMPHREYS, Justice.

Prior to February 12, 1970, the provision of the Tennessee Non-Resident Motorist Act, § 20–224 T.C.A., pertinent here, read as follows:

> "The agency of the Secretary of State to accept service of process in actions for personal injury shall continue for a period of one (1) year from the date of any accident or injury, and in actions for injury to personal property, for a period of three (3) years from such date, and shall not be revoked by the death of such non-resident within such periods of time."

On February 12, 1970, this provision was deleted and the following provision substituted:

> "The agency of the secretary of state to accept service of process in actions for both personal injuries and property

damages shall continue for such period of time or so long as the cause of action is not barred by the statute of limitations of this state and shall not be revoked by the death of such non-resident during such period of time."

The question in this case is whether the amendatory act of February 12, 1970 had the effect of reviving an agency in the Secretary of State which had expired according to the terms of the original act on January 17, 1970.

The facts are that on January 16, 1969, Franky Henderson was injured in an automobile accident. On August 25, 1969, he issued summons for Hugh Ford and two other defendants. This process was served on one of the defendants and was returned "not to be found in my county" as to Hugh Ford and the other defendant. No further steps were taken to bring Ford before the court until June 10, 1970, when the Secretary of State accepted service of process on Ford under the February 12, 1970 amendment, and notified Ford, who appears to have been a non-resident during the period involved.

By plea in abatement Ford contended the process was void as the agency of the Secretary of State to accept service of process had expired on January 17, 1970. Henderson countered with the contention that the February 12, 1970 amendment revived the Secretary of State's agency, · or related back to the time of the accident so that the agency continued from that time forward. The trial judge sustained the plea in abatement and we have the case on appeal on this issue.

■ It is the rule that statutes do not operate retroactively. unless this is so provided therein. A good statement of this rule is to be found in Jennings v. Jennings, 165 Tenn. 295, 54 S.W.2d 961 (1932), where Chief Justice Green said:

"It was said by this court in Heiskell v. Lowe, 126 Tenn. 475, 491, 153 S.W. 284, 'that all statutes are to be construed as having only a prospective operation, unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt, the doubt must be solved against the retrospective effect.' And again 'that a law will not be given a retrospective operation, unless that intention has been manifested by the most clear and unequivocal expression.' See also, Dugger v. [Mechanics' & Traders] Insurance Co., 95 Tenn. 245, 32 S.W. 5, 28 L.R.A. 796." 165 Tenn. 303, 54 S.W. 963.

This rule, which was based on existing authority at the time Chief Justice Green restated it, has been strongly reaffirmed in a number of cases which may be found digested in 17 Tenn.Digest, Statutes, ■■■

■ However, it has been the rule in this state, since its creation that enactments which are purely procedural, having to do only with the manner·of enforcement of a remedy, may be applicable to an existing cause of action. The first case on this is Nelson v. North, 1 Tenn. 33, where it was held that a pro confesso taken against a defendant could be set aside on authority of a subsequently enacted practice statute. One of the three judges then comprising the court dissented, proving at the outset that the decision as to what is procedural and what is not is not without its difficulties.

A later case on this last point is National Life & Accident Insurance Co. v. Atwood, 29 Tenn.App. 141, 194 S.W.2d 350, wherein it was held that statutes dealing with matters of procedure only, prima facie, apply to pending actions and will be so construed unless a contrary purpose appears from the terms of the act. However, in this case the Court was careful to point out that even a statute whose primary purpose was procedural could not be applied so as to impair a contractual obligation or disturb a vested right.

So the issue is, in essence, whether the application of the 1970 amendment to the defendant-in-error would impair any such right vested in him at the time of the enactment of the amendment. And the answer must be that such an application of the statute would recreate, or revive, an agency which had expired, thereby exposing Ford to the hazards, inconvenience and expense of a lawsuit in a foreign state, and so disturb his vested right to be free therefrom, at least by reason of that particular agency.

Having regard for the form and the substance of the law, our legislature resorted to the rules relating to Agency in providing for non-resident service of process. In Thomas v. Anderson, 222 Tenn. 204, 435 S.W.2d 109, it was said:

"The nonresident motorist statute, T.C.A. Section 20–224, is not a limitation statute; but is an appointing statute and the Secretary's agency is both created and limited by the provisions of the statute. Tabor v. Mason-Dixon Lines, Inc., 196 Tenn. 198, 264 S.W.2d 821 (1953); Oliver v. Altsheler, 198 Tenn. 155, 278 S.W.2d 675 (1955); Anderson v. Outland, 210 Tenn. 526, 360 S.W.2d 44 (1962)." 435 S.W. 111.

The American Law Institute in Restatement defines agency (2d Ed.) § 1, as the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf, and subject to his control, and consent by the other so to act. 3rd Am.Jur. § 2, says in effect that although an agency relationship is usually a contractual one, either express or implied, based upon a consideration, it may be created by operation of law.

▇▇▇ The legislature, in making use of the principle of agency in providing for non-resident service of process, made the relationship between the Secretary of State and the non-resident motorist one of substance and not form, partaking of the nature of a contract. Being contractual in nature, when this relationship expired, it was not recreated, or revived, by the amendment which is not expressly retroactive, and continues to use the theories of agency to effect non-resident service of process.

The conclusion we have reached is sustained by the vast majority of the cases. See Annot. 53 A.L.R.2d 1164 and 19 A.L.R.3d 138. We shall mention only three cases. In Ashley v. Brown, 198 N.C. 369, 151 S.E. 725 (1930), the Supreme Court of North Carolina held that a non-resident motor vehicle act almost identical with ours, which became effective March 1, 1929, could not be applied retroactively so as to allow service of process because of an accident occurring on December 2, 1928. Concerning the statute the North Carolina Court said, "Curative and remedial statutes which are necessarily retrospective must be given a retrospective operation unless the effect will be to disturb vested rights or to impair the obligation of contracts. [25 R.C.L. 790 et seq.] But the statute under consideration is neither remedial or curative; *it imposes a contractual obligation and affects substantial rights*. If construed as retrospective, it would confer upon the plaintiff a legal right where none before existed and deprive the defendant of his exemption from the service of process by the method therein prescribed." (emphasis added)

The Supreme Court of Massachusetts in Paraboschi v. Shaw, 258 Mass. 531, 155 N.E. 445 (1927), in the course of holding that its non-resident motor vehicle act could not be applied retroactively said: "The essence of that statute is that the operation of a motor vehicle upon the highways of this commonwealth by nonresidents shall be 'deemed equivalent to the appointment by such nonresident of the registrar of motor vehicles' as his attorney for the service of all lawful processes in the specified action and 'a signification of his agreement that any such process against

him' so served, 'shall be of the same legal force and validity as if served on him personally'. The statute thus imposes upon the nonresident operating a motor vehicle as there described the continual obligation of making the registrar of motor vehicles his agent with a limited purpose stated. *Such a contractual obligation relates to substantive rights and not merely to remedy.*" (Emphasis added).

These cases relate to retroactive application of long-arm statutes after their original enactment, but the principle determined by these cases, that the agency relationship created by the original act, partakes of the nature of a contract and so is of substance, applies to our amendatory act.

In Cassan v. Fern, 33 N.J.Super. 96, 109 A.2d 482 (1954), the Supreme Court of New Jersey considered an amendment to its non-resident motorist act which extended jurisdiction over defendants who were residents of the state at the time of the accident, but who had subsequently become non-residents. In the course of holding that the amendment could not be applied retroactively so as to affect such a non-resident, the Court restated the proposition that statutes are enacted for the regulation of future affairs and conduct and said, "Laws, generally, are enacted for the regulation of future affairs and conduct, and to establish the basis on which rights may thereafter under them be rested. *And are not usually designed to alter or affect the quality or legal relations of past acts and concluded transactions, much less to disturb rights which have arisen under laws running concurrently with their birth.*" (Emphasis added).

At the time of the "birth" of the agency between defendant-in-error Ford, and the Secretary of State (with the implied consent of Ford), it was provided by the statute under which this relationship was birthed that it would expire in twelve months unless process was issued. Process was not issued. So, the agency relationship expired. The 1970 amendment enacted thereafter had no provision for retroactive operation. It continued to use the theory of agency by implied consent as the basis for service of process, making the statute, for this reason, prospective in attitude. So, it necessarily follows that the statute cannot have retroactive effect.

Nothing is said in Speight v. Miller, 223 Tenn. 259, 443 S.W.2d 657 (1969), to the contrary of this holding. In that case, the accident occurred on November 4, 1967. Suit was filed on October 16, 1968. Service of process was had on the Secretary of State on November 8, 1968. On April 3, 1968, while the agency of the Secretary of State to accept service of process was still in existence, § 20–224 T.C.A. was amended to extend this agency from one to three years in cases involving property damages. Without discussing whether the amendment was substantive or procedural, or retroactive or prospective, it was simply held that the action for personal injuries was barred by the one-year statute, but that the action for property damage could be prosecuted. The opinion in that case should not be read as authority contrary to the universal rule that a statute will not be applied retroactively where there is no provision for that in it, nor should it be read as authority for the legislative revival of an expired agency which has arisen from the consent of the principal, even though this consent is one that is implied.

The judgment of the trial court is affirmed.

DYER, C. J., CHATTIN, and McCANLESS, JJ., and WILSON, Special Judge, concur.