Linda Gayle SAYLORS et al., Appellants,

v.

Raydean RIGGSBEE and Don Eugene
Anderson et al., Appellees.

Supreme Court of Tennessee.

Dec. 6, 1976.

J. Travis Price, Springfield, for appellants.

Jerry W. Carnes, Branstetter, Moody & Kilgore, Nashville, for appellees.

## OPINION

BROCK, Justice.

This is an action for damages for wrongful death due to personal injuries resulting from an automobile accident. The issue is whether substituted service under the nonresident motorist statute, T.C.A. § 20–224, was timely.

The plaintiffs' decedent, Aubrey Mann Link, was killed in an automobile accident on March 14, 1969, while riding as a passenger in the automobile of Opal Leath Cline, deceased, whose administrator is the appel-

lee here. The statute then in effect provided that the Secretary of State should be deemed the agent for acceptance of service of process on the nonresident motorist for one year from the date of the accident in cases of personal injury claims arising out of accidents occurring on Tennessee highways. On February 10, 1970, that statute was amended to authorize service of process on the Secretary for so long as the action is not barred by the statute of limitations. T.C.A. § 20–224, Acts 1970, Chapter 396, § 1.

Suit was filed originally on March 13, 1970, and process was served on the Secretary of State for Don Eugene Anderson as Administrator of Cline's estate. On June 22, 1972, the plaintiffs obtained a voluntary nonsuit of the action against defendant Anderson. Suit was reinstituted on June 22, 1973, the Secretary again accepting service of process on June 28, 1973.

▆ Remedial or procedural statutes apply retrospectively not only to causes of action arising before such acts become law, but to all suits pending when the legislation takes effect, *Frame v. Marlin Firearms Co.,* 514 S.W.2d 728 (Tenn.1974); *Mid-South Milling Co., Inc. v. Loret Farms, Inc.,* 521 S.W.2d 586 (Tenn.1975), unless the legislature indicates a contrary intention or immediate application would produce an unjust result, *Roberts v. Knoxville Transit Lines,* 36 Tenn.App. 595, 259 S.W.2d 883 (1953). The usual test of the "substantive" or "procedural" character of a statute for this purpose is to determine whether or not application of the new or amended law would disturb a vested right or contractual obligation. *Mid-South Milling Co., Inc. v. Loret Farms, Inc., supra; National Life & Accident Insurance Co. v. Atwood,* 29 Tenn.App. 141, 194 S.W.2d 350 (1946). The test of retroactivity is well amplified by a Kansas case, *Jones v. Garrett,* 192 Kan. 109, 386 P.2d 194 (1963) which describes "procedure" as:

"[T]he mode or proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which by means of the proceeding, the court is to administer—the machinery, as distinguished from its product; . . . including pleading, *process,* evidence, and practice . . . . . Practice [is] the form . . . for the enforcement of rights or the redress of wrongs, as distinguished from the substantive law which gives the right or denounces the wrong. . . ." 386 P.2d at 198–199. (Emphasis added.)

The process statute there construed, like the statute here under consideration, created no rights and imposed no liabilities. It merely prescribed a procedure for obtaining jurisdiction over the defendant's person. Therefore, it was held not to be improper to give effect to it, even though suit was begun before the passage of the act, and even if (as the court assumed) the defendant would not have been subject to the state's process at all under prior law.[1]

▆ Although decisions to the contrary may be found, *Stern v. Mottram,* 20 Conn. Sup. 406, 137 A.2d 551 (1957); *Clouse v. Andonian,* 189 F.Supp. 78 (D.C.Ind.1960), the better view is that "non-resident motorist statutes" providing for service of process upon the non-resident motorist by serving an official of the state wherein the accident occurred are remedial or procedural in nature, do not involve the question of liability of the defendant and may be given a retrospective application. *Speight v. Miller,* 223 Tenn. 259, 443 S.W.2d 657 (1969); *Steffen v. Little,* 2 Wis.2d 350, 86 N.W.2d 622 (1957); *Hoen v. District Court, etc.,* 159 Colo. 451, 412 P.2d 428 (1966); *Clews v. Stiles,* 303 F.2d 290 (10th Cir. 1960); *Jones v. Garrett, supra; Austinson v. Kilpatrick,* 82 N.W.2d 388 (N.D.1957); *Green v. Brinegar,* 228 Iowa 477, 292 N.W. 229 (1940); *Zavis v. Warren,* 35 F.Supp. 689 (D.C.Wis. 1940). Such statutes are designed for the

---

1. The amendment in question was not an extension of time as here, but a provision to include not only the motorist who was a nonresident at the time of the accident but also the resident motorist who subsequently removes himself from the jurisdiction. Kansas General Statutes § 8–401 (Supp.1961).

benefit of persons injured within the state where the accident occurred rather than for the benefit of nonresident motorists causing such injuries, *Anderson v. Outland,* 210 Tenn. 526, 360 S.W.2d 44 (1962), and should be given a liberal construction in accord with that purpose, *Williams v. Kitchin,* 316 F.2d 310 (6th Cir. 1963); *O'Sullivan v. Brown,* 171 F.2d 199 (5th Cir. 1948). Unless ambiguous, a strict construction is not in order. *Anderson v. Outland, supra.*

■ Our decision in *Speight v. Miller, supra,* is controlling here. The accident which was the subject of the suit in that case occurred before the passage of an amendment to the statute increasing the duration of the "agency" of the Secretary of State for accepting service of process from one year to three years after the accident in actions for damage to property. Acts of 1968, Ch. 574, § 1. Suit was filed after the amendment became effective and substituted service was made one year and four days after the accident. The Court held that the service of process was valid as to the property damage claims. Now, Ch. 396, Acts of 1970, has extended the authority of the Secretary of State for "accepting" service of process for the nonresident motorist with respect to both personal injury and property damage claims. There being no factual distinctions between the *Speight* case and the instant one, the holding in *Speight* must be followed.

■ We are not unmindful of the opinion of this Court in *Henderson v. Ford,* Tenn., 488 S.W.2d 720 (1972), which contains some statements which are not in harmony with this opinion. Nevertheless, the validity of *Speight* as authority was recognized in *Henderson v. Ford.* Furthermore, the Court in the *Henderson* opinion appears to have given too much credence to the theoretical "appointment" by the nonresident motorist of the Secretary of State as his "agent" for "acceptance of service of process." This "agency" exists only in theory and is a pure fiction. *Olberding v. Ill. Central R. Co.,* 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1953); *Whalen v. Young,* 15 N.J. 321, 104 A.2d 678 (1954); *Odgon v. Gianakos,* 415 Ill. 591, 114 N.E.2d 686 (1953). This fiction was adopted by legislatures years ago to solve a problem posed by the introduction of the automobile; it was considered necessary to resort to it in order to justify assertion of jurisdiction over the nonresident motorist. *Hess v. Pawloski,* 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927). Of course, the fiction is no longer necessary to legal theory now that modern concepts of jurisdiction, as exemplified by the "Long Arm Statutes," are in vogue. *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945).

We hold that service of process upon the defendant appellee was valid and that the trial court erred in quashing such process and abating the action.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion. Appellee will pay the costs incurred upon appeal.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.