CHRISTOPHER JOHNSON,       )
                                     )

     Petitioner/Appellant,     )
                                     )     Appeal No.
                                     )     01-A-01-9602-CH-00064

VS.                           )
                                   )     Davidson Chancery
                                   )     No. 95-2065-II

TENNESSEE DEPARTMENT OF   )
CORRECTION,              )
                                   )

     Respondent/Appellee.    )

FILED

**August 7, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

CHRISTOPHER JOHNSON
2514 Dodson Avenue
Chattanooga, Tennessee 37406
     Pro Se/Petitioner/Appellant

CHARLES W. BURSON
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
404 James Robertson Parkway
Suite 2000
Nashville, Tennessee 37243
     Attorney for Respondent/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# **O P I N I O N**

A convicted burglar in the custody of the Department of Correction filed a petition with the Chancery Court of Davidson County for an order directing the Department to award him additional credits against his sentence for time spent in jail before and after trial, and for sentence reduction credits he allegedly earned during the same period of incarceration. The Chancellor found that Mr. Johnson had already received all the credits to which he was entitled. We affirm.

## I.

Christopher Johnson was arrested for burglary on September 21, 1984. He was tried and convicted of first degree burglary in the court of Judge Joseph DiRisio, and was sentenced to fifteen years imprisonment on October 15, 1986. Following a subsequent trial in the court of Judge Douglas Meyer, the jury found him guilty of another charge of second degree burglary, and on May 12, 1987 a ten year sentence was imposed on him for that offense, to be served consecutively to his fifteen year sentence, resulting in a total effective sentence of twenty-five years. Mr. Johnson was unable to post bond, and he remained in the Hamilton County Jail throughout his two trials and convictions, until he was transferred to the penitentiary on May 3, 1988.

Judge Meyers' judgment recited that the appellant would be allowed jail credit "from and after September 22, 1984." When Mr. Johnson began serving his time in the penitentiary, he received 1,321 days of pretrial jail credits, which the Department of Correction applied towards his initial fifteen year sentence.

Mr. Johnson argues that he was entitled to receive credit against both sentences for the time he spent in jail, on the ground that he was entitled to receive such credits on his first sentence under Tenn. Code Ann. § 40-23-101(b), and that additionally the provision for jail credit on Mr. Johnson's second sentence became binding on the Department of Correction once Judge Meyers' judgment became final, whether any part of that judgment was erroneous or not.

Tenn. Code Ann. § 40-23-101(b) reads in relevant part:

> The trial court shall, at the time the sentence is imposed and the defendant committed to jail, the workhouse, or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on his sentence for any period of time for which he was committed and held in the city jail . . . pending his arraignment and trial. The defendant shall also receive credit on his sentence for the time he served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which he was tried.

If we were to accept Mr. Johnson's ingenious argument, he would receive two days of penitentiary credit for each day spent in the Hamilton County Jail. However, the above-quoted statute was not enacted to create a greater benefit for those who face multiple trials than for those who are only subject to a single trial. As the Court of Criminal Appeals has stated:

> The purpose of the statute was to provide jail time credit prior and subsequently to conviction for indigents unable to make bond. The legislature in its wisdom recognized an injustice between the person of means who could make bond and the person who could not and had to languish in jail." *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Cr. App. 1983).

We therefore find that Mr. Johnson received all the benefit the statute entitled him to when his penitentiary time was reduced day for day by his time in jail.

If the judgment in the second trial could be interpreted to allow Mr. Johnson to apply the same jail time twice to reduce two consecutive sentences (and

we are not convinced that it does), then Judge Meyers is entitled to correct the judgment for illegality, even though it has become final, because it has contravened the terms of Tenn. Code Ann. § 40-23-101(b). See *State v. Burkhart*, 566 S.W.2d 871 (Tenn. 1978).

## II.

The appellant also argues that he did not receive sentence reduction credits that he was entitled to for the time he spent in jail after his conviction, prior to his transfer to State custody. While Mr. Johnson notes that the chancellor incorrectly stated that he was seeking sentence reduction credits for "pretrial jail time," when he was actually seeking such credits for post-conviction jail time, this error does not affect the correctness of the chancery court's determination that he was not entitled to the relief he sought.

Tenn. Code Ann. § 41-21-236 enables inmates committed to the custody of the Department of Correction to receive sentence reduction credits for good institutional behavior. An amendment to that statute added a section that extended the same sentence reduction privileges for the time that a convicted felon was incarcerated prior to sentencing (Acts 1989, Ch. 42, § 2).

However that section was enacted after Mr. Johnson was transferred to the penitentiary, and the amended section contains no suggestion that sentence reduction credits for pre-sentencing jail time was to be awarded retroactively. As our Supreme Court has said, "A law will not be given a retrospective operation, unless that intention has been manifested by the most clear and unequivocal expression." *Henderson v. Ford*, 488 S.W.2d 720, 721 (Tenn. 1972), quoting *Jennings v. Jennings*, 165 Tenn. 295, 54 S.W.2d 961 (1932).

**III.**

The judgment of the trial court is affirmed.  Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE