Sophia J. GIBBONS, Plaintiff/Appellant,

v.

Loretta SCHWARTZ–NOBEL, et
al., Defendants/Appellees.

Court of Appeals of Tennessee,
Western Section, at Nashville.

Jan. 31, 1996.

Application for Permission to Appeal
Denied by Supreme Court
May 28, 1996.

Sophia J. Gibbons, pro se.

Shelby R. Grubbs, James T. Williams, Miller & Martin, Chattanooga, for Defendant/Appellee, Professional Media Service Corporation.

Douglas R. Pierce, Mary M. Collier, King & Ballow, Nashville, for Defendants/Appellees, Villard Books (which is a division of Random House, Inc.), Random House, Inc. of New York, Random House, Inc. of Canada, Walden Book Company, Inc., Loretta Schwartz-Nobel, Columbia TriStar Home Video, Inc., Mark Sennett, and Columbia Pictures Industries, Inc.

Deanna C. Bell, Nashville, for Defendant/Appellee, Regina Twigg.

FARMER, Judge.

This appeal stems from a lawsuit filed by Appellant, Sophia Joanne Gibbons, alleging libel, invasion of privacy and a violation of Tennessee's Personal Rights Protection Act, T.C.A. § 47–25–1101 et. seq.,[1] by the various Appellees for their respective parts in either the publication and dissemination of a book entitled *The Baby Swap Conspiracy* or the later telecasting and distribution of a related video, entitled *Switched At Birth.*

Both materials recount the switching of Appellee Regina Twigg's infant daughter from the hospital where she was born and the Florida litigation that subsequently followed including a custody battle for the child. The book also recounts the early childhood of Ms. Twigg and her siblings, including a younger sister, identified as "Sophie Joanne Gibbons." It relates the experiences of being separated from their mother, who was placed in a mental institution, and the children's subsequent placement in an orphanage in Ohio and the abuse encountered while there. It is told from Twigg's point-of-view. The book includes a photograph of "Sophie," at three years of age, with a side caption stating, "[t]his is the sister for whom Regina is still looking. Sophie, at three, was taken away for adoption...." Appellant's complaint alleges that she is the younger sister of Twigg and that dissemination of the forgoing materials, which "leave[ ] the public thinking that [Appellant's] siblings are still lost and that [Appellant] may be dead," has caused her to endure severe emotional stress and mental anguish.

---

1. T.C.A. § 47–25–1105 provides:

 *Unauthorized use prohibited.*—(a) Any person who knowingly uses or infringes upon the use of another individual's name, photograph, or likeness in any medium, in any manner directed to any person other than such individual, as an item of commerce for purposes of advertising products, merchandise, goods, or services, or for purposes of fund raising, solicitation of donations, purchases of products, merchandise, goods, or services, without such individual's prior consent, or, in the case of a minor, the prior consent of such minor's parent or legal guardian, or in the case of a deceased individual, the consent of the executor or administrator, heirs, or devisees of such deceased individual, shall be liable to a civil action.

The record establishes that the book was authored by Appellee Loretta Schwartz–Nobel based on information provided, in part, by Twigg. It was published by Appellee Villard Books, a division of Random House, Inc., and first distributed to Appellee, Walden Book Company, Inc. in Tennessee for further distribution. *Switched At Birth* was originally produced in association with Appellee Columbia Pictures Industries, Inc. and telecast as a two-part mini-series. Appellee Columbia TriStar Home Video, Inc. later released it into the home video market. The video was further distributed by Appellee Professional Media Services Corporation (PMSC).

After the filing of various motions by the parties, the trial court granted either motions to dismiss or for summary judgment as to all Appellees on either or all of the following grounds: the running of the statute of limitations, failure to state a claim upon which relief can be granted and lack of personal jurisdiction. We perceive the issue on appeal as whether the trial court properly dismissed Appellant's claim upon the respective motions of the appellees.

■ We first consider the motions to dismiss for lack of personal jurisdiction filed by both Twigg and PMSC. PMSC's motion, filed in accordance with Rule 12.02(2) T.R.C.P., includes the affidavit of Jeanne Nicodemus. It states that she is the vice president of administration for PMSC which "is a service company in the business of providing videotapes for use in libraries. Specifically, [PMSC] ... [tags, labels, and otherwise prepares] such videotapes so that they are 'shelf ready' for [library use]...." PMSC distributed the video entitled *Switched At Birth* to two customers, neither of whom are located in the State of Tennessee. PMSC purchased the video tapes in question specifically for resale and had no knowledge of Appellant. PMSC is incorporated under the laws of the State of California, with its sole office located in Gardena, California. PMSC has no sales representative, office, telephone or other listing or "any other presence" in Tennessee.

Appellant's amended complaint alleges that PMSC is a "foreign/domestic corporation authorized to do business in the State of California." She specifically responded to the motion as follows:

[PMSC], disseminated [sic] [its] willingness and [capability] to distribute the movie entitled, "Switched At Birth", through the libraries of Davidson County, Tennessee, by the use of computer transfer of information regarding the labeling, filing, etc. services for which they are established, as evidenced by computer transaction[s] between ... PMSC, and public libraries of Davidson County, Tennessee; establishing availability of said movie within the state of Tennessee....

A second affidavit by Ms. Nicodemus indicates that Library Corporation provides a data base which is available to all subscribing libraries. Such data base includes movies offered by PMSC.

*Masada Investment Corp. v. Allen,* 697 S.W.2d 332 (Tenn.1985), holds:

In determining whether or not a state can assert long-arm jurisdiction, due process requires that a non-resident defendant be subjected to a judgment *in personam* only if he has minimum contacts with the forum such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). However, the absence of physical contacts will not defeat *in personam* jurisdiction where a commercial actor purposefully directs his activities toward citizens of the forum State and litigation results from injuries arising out of or relating to those activities. *Burger King Corp. v. Rudzewicz,* [471] U.S. [462, 472–73], 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985). In such a case, "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

*Masada,* 697 S.W.2d at 334.

Appellant apparently asserts that the video was distributed by PMSC to the Davidson County libraries, via computer transfer, and that such is sufficient to establish minimum contacts with the forum state. We cannot agree. The record as presented fails to evi-

dence any conduct by PMSC directed toward the citizens of Tennessee or that the intent or purpose of PMSC was to serve the Tennessee market. The Davidson County libraries' receipt of the video by means of computer transfer is insufficient, without more, to establish the requisite minimum contacts between Tennessee and PMSC. We, therefore, conclude that the trial court correctly dismissed the action as to PMSC for lack of *in personam* jurisdiction.

 Twigg's motion to dismiss was filed on grounds which included, *inter alia,* a want of personal jurisdiction by the trial court. In regard thereto, the motion states that Twigg resides in Florida and was involved in litigation in that state concerning the switching of her infant child. It further states that Appellees, other than Twigg, participated in the making or publication of either the book or video.

The United States Supreme Court has separated the due process inquiry into *in personam* jurisdiction into two distinct areas. *See Helicopteros Nacionales de Columbia [Colombia] v. Hall,* 466 U.S. 408, 414 nn. 8–9, 104 S.Ct. 1868, 1872 nn. 8–9, 80 L.Ed.2d 404, 411 nn. 8–9 (1984).... "[w]hen a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising 'general jurisdiction' over the defendant." *Id.* at 414 n. 9, 104 S.Ct. at 1872 n. 9. Due process considerations preclude the assertion of general jurisdiction unless the plaintiff proves that the defendant maintained continuous and systematic activities in Tennessee. *Id.* at 414–15, 104 S.Ct. at 1872. *Thompson v. Ciboney Spa and Beach Resort,* No. 01–A–01–9507–CV–00297, slip op. at 4–5, 1995 WL 714280 (Tenn.App. December 6, 1995). The record does not suggest that Twigg has "maintained continuous and systematic activities" in Tennessee. In fact, the only jurisdictional statement as to Twigg is found in Appellant's amended complaint which asserts that "[Twigg] is a citizen and resident of the State of Florida...." A bill showing the residence of a defendant to be such that the court has no jurisdiction will be dismissed on motion. *Parker v. Porter,* 12 Tenn. 81, 82 (1833). We conclude that the trial court properly dismissed Appellant's complaint as to Twigg.

Lastly, we address the trial court's grant of summary judgment in favor of the remaining Appellees[2] who collectively filed a motion for summary judgment, contending that Appellant failed to state a claim upon which relief can be granted and that the applicable statute of limitations barred the action. The following affidavits were filed in support thereof: The affidavit of Kelly Kay states, as here pertinent:

> I am currently employed with Sony Pictures Entertainment Inc. ("SPE") as Senior Counsel.....

> In the course of my employment at SPE I became involved with a two-part television mini-series entitled "Switched At Birth," which was produced by an SPE subsidiary known as CPT Holdings, Inc....

> "Switched At Birth" was first broadcast in April, 1991, on the NBC television network. The SPE subsidiary Columbia TriStar Home Video ("CTHV") then released it in the home video market on February 17, 1993....

> "Switched At Birth" does not contain any pictorial images of Plaintiff or pictorial likenesses of Plaintiff.

> "Switched At Birth" does not contain any audio or written references to Plaintiff.

> "Switched at Birth" does not contain any audio, written, or pictorial references to the existence of Regina Twigg's younger sister whom Plaintiff claims to be.

> "Switched At Birth" contains a character named "Sophie," but this character does not portray or depict Plaintiff or Defendant Twigg's sister.

The affidavit of Heather Kilpatrick provides:

---

**2.** Appellee Schwartz–Nobel also filed as separate motion to dismiss for lack of personal jurisdic-tion which was also granted by the trial court in its order granting summary judgment.

I am currently employed as Senior Counsel for Random House, Inc.,....

I am familiar with the publication of the book *The Baby Swap Conspiracy*.

As indicated on the earliest invoice for *The Baby Swap Conspiracy*, this book was first distributed on January 14, 1993.... Attached hereto as Exhibit B is a Release into Inventory document showing that the printing of the book was completed January 12, 1993. There have been no other printings of this book.

The only pages in the book making any reference to Plaintiff, including a photograph of Plaintiff as a child, are attached hereto....[3]

■ The party seeking summary judgment bears the burden of demonstrating that there are no disputed, material facts creating a genuine issue for trial and that he is, therefore, entitled to a judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn.1993). When a properly supported motion is made out by the moving party, the burden shifts to the non-moving party to set forth specific facts, not legal conclusions, by using affidavits or other discovery materials establishing that there are indeed disputed, material facts creating a genuine issue and requiring resolution by the trier of fact, prompting the need for a trial. *Byrd*, 847 S.W.2d at 215. The non-movant may not rely upon the allegations or denials of his pleadings in carrying out this burden. *Id.*

■ The record before us includes Appellant's combined "Response to [Appellees'] Motion for Summary Judgment, and Motion to Continue Summary Judgment Hearing." It does not specifically address the facts as established in either affidavit. It merely states that Appellant's lawsuit is not frivolous and that a continuance is requested so that she may obtain legal counsel and properly respond to the motion.[4] Moreover, it is an unsworn response. No other response to the motion is found in the record. Thus, Appellant has failed to present any facts to dispute

that the video in question does not contain any audio, pictorial or written references to her. We necessarily conclude that the trial court correctly granted summary judgment in favor of the appellees involved with the production and distribution of the video.

■ As to the "book" Appellees, who rely upon the Kilpatrick affidavit, we find the following: T.C.A. § 28–3–104(a)(1) provides:

The following actions shall be commenced within one (1) year after the cause of action accrued:

(1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise;

The Personal Rights Protection Act ("Act") does not provide for a separate statute of limitations. Therefore, the applicable statute of limitations as to all three theories of recovery is in accordance with the foregoing statute. As to the claims for invasion of privacy and a violation of the Act, the Kilpatrick affidavit states that the book was originally distributed on January 14, 1993. The record establishes that the original complaint was filed November 2, 1994. Appellant has not come forward by affidavit or as otherwise specified in Rule 56.03 T.R.C.P., to dispute the running of the statute of limitations from one year from January 14, 1993. Thus, we find these particular claims barred by the one year statute of limitations and conclude that summary judgment was properly granted.

■ As to the claim of defamation, the statute of limitations begins to run on the date the publication is first distributed in the county where the action is brought. *See Applewhite v. Memphis State Univ.*, 495 S.W.2d 190, 195 (Tenn.1973). The record before us fails to establish the date on which the book was first distributed in Davidson County. Thus, we are unable to discern whether or not the statute of limitations has run.

---

**3.** The entire book has been included in the record. On the front cover, below the title, reads: "The Shocking Truth Behind the Florida Case of Two Babies Switched at Birth." The submitted excerpts reveal the early childhood events of

Twigg and her siblings as herein previously detailed.

**4.** The record does not indicate any express ruling by the trial court on the motion for continuance.

■ An essential element of a cause of action for defamation is a false and defamatory statement which the plaintiff must prove. *Stones River Motors, Inc. v. Mid–South Publishing Co.,* 651 S.W.2d 713, 717 (Tenn. App.1983). Appellant has submitted no materials as identified in Rule 56.03 T.R.C.P. establishing that the references in the book are untrue and/or how such defames her character and diminishes her reputation. Appellant has failed to state a claim for defamation. A summary judgment was, therefore, properly entered.

The judgment of the trial court is hereby affirmed in all respects and this cause dismissed. Costs are taxed to Sophia Joanne Gibbons, for which execution may issue if necessary.

CRAWFORD, P.J. (W.S.), and WILLIAMS, Special Judge, concur.