IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 8, 2004 Session

## ROBERT L. EUBANKS, JR., ET AL. v. PROCRAFT, INC., ET AL.

**Interlocutory Appeal from the Circuit Court for Knox County**
**No. 1-569-02      Dale Workman, Judge**

_____

**No. E2003-02602-COA-R9-CV - FILED AUGUST 3, 2004**

_____

An applied liquid siding damaged the Plaintiffs' house.  By amended complaint the Plaintiffs joined the purported manufacturer, a Canadian corporation, pursuant to the Hague Convention.  Held, not subject to jurisdiction in Tennessee.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Martin B. Bailey, Knoxville, Tennessee, attorney for appellants, Kryton Canada Corporation and Kryton International, Inc.

Chris Ralls, Maryville, Tennessee, attorney for appellees, Robert L. Eubanks, Jr., and Pamela E. Eubanks.

### OPINION

This Rule 9, Tenn. R. App. P. interlocutory appeal was granted to determine the sole issue of whether the trial court erred when it denied the motion of the appellants to dismiss for lack of personal jurisdiction.  We conclude that the trial court erred, and therefore reverse the judgment.

### Background

The initial complaint joined Procraft, Inc. and Kryton Marketing Division, Inc. as defendants, alleging that each is engaged in marketing and installing a product known as Multi-Gard R-10 Permanent Coating Systems [liquid siding] which was manufactured by the defendant Kryton.  This liquid siding was applied on the plaintiffs' residence with unsatisfactory results, resulting in an alleged breach of contract.  The plaintiffs further alleged that the product offered no insulation value contrary to representations, and that the defendants thereby violated the Tennessee Consumer

Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.,* and further alleged that the defendants intentionally or negligently misrepresented their product.

The complaint was amended to join two additional defendants, Kryton Canada Corporation ["KCC"] and Kryton International, Inc ["KII"]. The plaintiffs alleged that the liquid siding was manufactured by "Kryton Canada of the defendant Kryton International, Inc." and is distributed to Kryton Coating throughout the United States, and that Kryton Coating and Procraft Inc. are in effect one entity.[1]

The defendants KCC and KII moved to dismiss the complaint for lack of jurisdiction. The motion was supported by an affidavit of Kari Yuers, President of each of these defendant corporations. He testified that each corporation was organized under the laws of the Province of British Columbia where their offices are maintained, and that neither corporation has an office nor place of business in the United States. KCC sells and distributes products manufactured by KII only in Canada and has never conducted business in the United States. He testified that KII entered into a distribution agreement with Kryton Marketing Division ["KMD"] d/b/a Kryton Coatings International, Inc., pursuant to which KII shipped products directly to KMD in Tennessee, and that in 1999 KII assigned the Distribution Agreement to another corporation, Kryton-Barbados, organized under the laws of Barbados. Mr. Yuers further testified that KII on several occasions sold products to Kryton-Barbados which were shipped to KMD in Tennessee pursuant to the instructions of Kryton-Barbados, and that at no time did KII make any warranty to KMD.

The motions of KCC and KII to dismiss (Rule 12.02(2)) for lack of personal jurisdiction were denied without comment. Appellate review is *de novo* on the record. **Waldron v. Delffs**, 988 S.W.2d 182 (Tenn. Ct. App. 1998); **Sims v. Stewart**, 973 S.W.2d 597 (Tenn. Ct. App. 1998). The trial court considered matters outside the pleadings which were properly presented. *See,* **Nicholstone Book Binding, Inc. v. Chelsea House Publishers**, 621 S.W.2d 560 (Tenn. 1981).

## Analysis

Tennessee Code Annotated § 20-2-214 *et seq.*, the Long Arm Statute, provides that Tennessee may exercise personal jurisdiction over foreign or alien defendants as to any action or claim for relief arising from:

> (1)     The transaction of any business within the state;
>
> (2)     Any tortious act or omission within this state;

---

[1] Procraft, Inc., and Kryton Marketing Division, d/b/a Kryton Coatings International, Inc., are alleged to be Tennessee corporations. Default judgment was taken against them for $1,500,000.00. The plaintiffs alleged that the liquid siding damaged the wooden exterior of their 2000 square feet house. The record does not reveal what evidence, if any, was presented to support the award.

(3)     The ownership or possession of any interest in property located within this state;

\* \* \* \* \*

(5)     Entering into a contract for services to be rendered or for materials to be furnished in this state;

(6)     Any basis not inconsistent with the constitution of this state or of the United States.

It is undisputed that KCC has never transacted any business in the United States but engages solely in the business of distributing construction products throughout Canada. The business transactions which the plaintiffs attribute to KCC and KII were not conducted by these corporations, but by Procraft and KMD.

KII shipped goods to Tennessee from time to time for, and at the request of, Kryton-Barbados, with whom it had entered into a worldwide distribution agreement. These shipments are not evidence that KII intended to serve the Tennessee market. *See Gibbons v. Schwartz-Nobel*, 928 S.W.2d 922, 925 (Tenn. Ct. App. 1996) (shipping videos to Davidson County libraries without more was not evidence of intent to serve Tennessee market). *Gibbons* establishes that merely shipping a product to Tennessee at the direction of Kryton-Barbados is not "transacting business" within the State of Tennessee by KII.

The plaintiffs alleged a host of misrepresentations and omissions by Procraft and KMD, which they impart to KII and KCC, by averring that KMD is the agent of both KCC and KII "for all purposes." This is a conclusory assertion. *Cf. Ruffin-Steinback v. dePasse*, 267 F.3d 457, 461 (6th Cir. 2001) (in context of 12(b)(6) motion court construes well-pleaded allegations in light most favorable to plaintiff and accepts factual allegations as true but is not required to accept legal conclusions).

The Long-Arm Statute permits the exercise of personal jurisdiction over a foreign or alien defendant that owns an interest in real property in the State of Tennessee. Tenn. Code Ann. § 20-2-214(a)(3). Neither of these alien corporations owns any real property in Tennessee.

Section 20-2-214(a)(5) permits personal jurisdiction over a foreign or alien corporation that enters into a contract for materials to be furnished in the State of Tennessee. The plaintiffs allege in their Complaint and Amended Complaint that they purchased "liquid siding" from Procraft. This is the only contract mentioned in the record. They also obtained warranties from KMD and Procraft.

The Long-Arm Statute has been construed to reach as far as permitted by the due process clause of the Fourteenth Amendment to the Constitution of the United States. Tenn. Code Ann. § 20-2-214(a)(6). *J.J. Case Corporation v. Williams*, 832 S.W.2d 530, 531-32 (Tenn. 1992). But due

process imposes significant constraints on the exercise of personal jurisdiction over KCC and KII. To be subject to suit in Tennessee, a defendant must have "such minimum contacts with the foreign state that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

"Due process requires that to subject a defendant to a judgment *in personam* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" ***International Shoe Co. v. Washington***, 326 U.S.310, 316 (1945). Due process requires "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." ***Burger King Corporation v. Rudzewicz***, 471 U.S. 462, 472 (1985). These considerations require heightened attention when the defendant sought to be haled into a Tennessee court comes from a foreign country and not just another state. *See, e.g.,* ***Asahi Metal Industry Co., Ltd. v. Superior Court of California***, 480 U.S.102 (1987) (great care and reserve should be exercised when extending notions of personal jurisdiction into the international field.)

KII sold products to Kryton-Barbados in the West Indies with the presumed knowledge that the products would be sold in Tennessee. This fact confers no *in personam* jurisdiction. ***Mullins v. Harley-Davidson Yamaha BMW of Memphis, Inc.***, 924 S.W.2d 907 (Tenn. Ct. App. 1996).

In ***Mullins***, the plaintiff's decedent was injured in a motorcycle accident. His death was attributed to a defective helmet. The Korean manufacturer of the helmet was named as a defendant. We held that Tennessee's exercise of personal jurisdiction over that defendant would not comport with due process, because the manufacturer established that it maintained no office or place of business in the United States, and sold helmets to distributors, who were "free to sell to any dealer of their choosing in the United States." 924 S.W.2d at 909. The manufacturer did not sell directly to dealers, did not sell motorcycle helmets or any other products directly into Tennessee, and did not create or control the distribution system that brought the helmets into the state. Nor did the manufacturer advertise in Tennessee or solicit business in Tennessee.

This Court principally relied upon two decisions, one by the Supreme Court for the United States in ***Asahi Metal Industries Company v. Superior Court***, 480 U.S. 102 (1987), and one by this Court in ***Davis Kidd Booksellers, Inc. v. Day-Impex, Ltd.***, 832 S.W. 2d 572, 575 (Tenn. Ct. App. 1992). These cases establish that simply placing a manufactured item into the "stream of commerce" does not suffice to establish personal jurisdiction. As the Supreme Court stated: "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." 480 U.S. at 112. The ***Mullins*** court, and the ***Davis Kidd*** court before it, concluded that ***Asahi*** did not represent an exception to the traditional "minimum contacts" analysis and held that the exercise of personal jurisdiction in those cases would violate due process.

The holding of ***Mullins*** is consistent with long recognized constitutional due process jurisprudence. In ***World-Wide Volkswagen v. Woodson***, 444 U.S. 286 (1980), the Supreme Court rejected the notion that a seller of goods was subject to personal jurisdiction simply because it was

foreseeable that the seller's goods could be transported to a forum state. As the Court noted, if that were so, "[e]very seller of chattels would in effect appoint the chattel his agent for service of process." The mere fact that liquid siding could be, or was, shipped to Tennessee does not subject KII to personal jurisdiction.

Finally, we note that the amended complaint makes no reference to the Long Arm Statute but simply recites that KCC and KII are Canadian corporations subject to process under the Hague Convention. The appellants argue that this is insufficient to establish jurisdiction. We agree. *See, **Gibbons v. Schwartz-Nobel,** supra.*

The judgment is reversed and the complaint, as to KCC and KII is dismissed, with costs assessed to the appellees.

_____
WILLIAM H. INMAN, SENIOR JUDGE